1PETERS, J.
The defendant, Marvin Etienne, was charged by bill of information with attempted simple escape, a violation of La. R.S. 14:110 and La.R.S. 14:27. A jury convicted him of the charge, and the trial court sentenced him to serve two and one-half years at hard labor and ordered that the sentence run consecutively with any other sentence he might be serving. The defendant appealed his conviction. On appeal, the defendant’s counsel raises one assignment of error. However, the defendant filed a pro se brief raising four assignments of error, one being the same as the one raised by his attorney.
The basis of the charge before the court arises from the defendant’s attempt to fraudulently obtain a bail-bond setting to effect his release from custody. On September 4, 1993, the defendant was incarcerated in the St. Martin Parish Correctional Center when, at the defendant’s request, Alvin Stuart called the St. Martin Parish facility, identified himself as a local district judge and set the defendant’s bond at $2,500.00. Before bond could be posted, the conspiracy Runraveled, and the defendant remained in jail. On May 24, 1994, the state filed a bill of information charging the defendant with attempted simple escape. The defendant’s two-day jury trial began on June 9, 1997, and resulted in his conviction.
Both the defendant and his counsel argue in separate assignments of error that the trial court erred in denying a motion to quash the bill of information, asserting that the state failed to timely begin trial after instituting prosecution.[1] Because we find merit in these assignments, we need not consider the remaining three assignments raised by the defendant in his pro se brief.
La.Code Crim.P. art. 578(2) provides in non-capital felony cases: “no trial shall be commenced: ... after two years from the date of institution of the prosecution.” A criminal prosecution is instituted by either the state filing a bill of information or the grand jury returning an indictment. State v. Jones, 443 So.2d 639 (La.App. 3 Cir. 1983). A motion to quash or other preliminary plea filed by a defendant suspends the running of the two-year limitation period until the trial court rules on the motion or preliminary plea, “but in no case shall the state have less than one year after the ruling to commence the trial.” La.Code Crim.P. art. 580.
Obviously, in this case, trial occurred more than two years after institution of prosecution. Thus, the state bears the burden of proving that the time limitation for bringing the defendant to trial was either suspended or interrupted. State v. Duncan, 29,896, 29,897 (La.App. 2 Cir. 10/29/97); 702 So.2d 328. The state argues that actions by the defendant interrupted the limitation period, and that trial was timely 13commenced.
The original record of these proceedings was lodged with the court on January 12, 1998, and supplemented on May 26, 1998. We initially found the supplemented record inadequate for a proper review of the issues presented. On August 12, 1998, we ordered the Clerk of Court of St. Martin Parish (hereinafter referred to as the “Clerk”) to prepare a completely new record. The newly prepared record, despite containing much more documentation than the original, contains glaring inconsistencies which makes review extremely difficult. However, our review of the new record allows a disposition of the appeal by *711 consideration only of the assignment of error mentioned above.
The record contains numerous minute entries describing in-court activities concerning the progress of this case and, particularly, trial-setting information. Additionally, it contains numerous notices of trial settings prepared by the Clerk’s office.[2] Most of the court appearances were either not recorded or not transcribed, and as will be seen, the accuracy of the official minute entries is highly suspect. For example, the first minute entry illustrates the problems raised by errors and lack of. information found generally in the minutes. The defendant was arraigned on June 2, 1994, and the record contains a transcript of this proceeding. The minutes of that date reflect that the defendant was present without counsel and requested representation. According to the minutes, the trial court referred the defendant to the indigent defender board, and a representative of that board, George McHugh, was present with him as he entered a not guilty plea. The minutes further reflect that the | ¿trial court scheduled trial on the merits for October 24,1994. However, the transcript is not clear that the trial court actually set the date in the arraignment proceedings.[3]
The transcript further reflects that the defendant informed the trial court that he had filed a “Motion to Squash” the bill of information on May 24, 1994. The basis of the motion was the state’s failure to file a bill of information within sixty days of the incident giving rise to the charges. While the original motion did not appear in the record (and is still not in the record), the defendant produced a copy containing the Clerk’s filing stamp indicating it was filed on May 24. According to the transcript, the trial court refused to quash the bill of information, but authorized the defendant’s release without the necessity of posting bond on this charge. However, the minutes contain the following language:
THE DEFENDANT ASKED TO BE HEARD ON HIS MOTION TO QUASH THAT HE HAD FILED IN THIS MATTER. MR. COMEAUX, INFORMED THE COURT THAT THE BILL OF INFORMATION, IN FACT HAD BEEN FILED IN EXCESS OF 60 DAYS. THE COURT QUASHED THE BILL OF INFORMATION AND WILL REQUIRE THE DEFENDANT TO POST A BOND IN THIS MATTER AND THE COURT ALSO GRANTED THAT HE BE RELEASED FROM THE DETAINER.
(Emphasis added.)
Thus, the court minutes and the transcript conflict. “It is well-settled that where the transcript and minutes conflict, the transcript controls.” State v. Kennerson, 96-1518, p. 4 (La.App. 3 Cir. 5/7/97); 695 So.2d 1367, 1371. Because the transcript prevails, we conclude that the bill of information was not dismissed at 1 .^arraignment by the trial court.
The next minute entry reflects the in-court activity of October 24, 1994, being the initial trial date. These minutes state that the trial on the merits was continued until November 14, 1994, on “JOINT MOTION OF COUNSEL.” However, the minutes do not reflect the identity of the parties who appeared in court, and there is no written motion for the continuance in the record. The next two minute entries are also examples of the record’s inconsistencies. The record contains a no *712 tice prepared by the Clerk’s office, dated November 9, 1994, resetting the trial for December 12, 1994. However, a November 14 minute entry reflects that only then did the trial court order the trial rescheduled to December 12, 1994. Thus, the Clerk’s notice is dated five days before the court authorized the trial to be rescheduled. The same thing occurred when the trial was continued from December 12, 1994 to January 17, 1995. The notice prepared by the Clerk’s office, rescheduling the trial to January 17, 1995, is dated December 7, 1994. The minute entry wherein the trial court granted the continuance to January 17, 1995, is dated December 12, 1994. Both minute entries state that the trial was continued on the motion of the state and neither indicate whether the defendant and his counsel were present. No transcripts of these proceedings are in the record.
The next in-court proceeding occurred on January 13, 1995, and that date’s minutes reflect that the defendant was present representing himself. The record contains a transcript of these proceedings. According to the transcript, the state announced to the trial court that the defendant wished to represent himself,[4] and that |fihe was in possession of a copy of the court minutes which indicated the trial court granted a previous motion to quash his charges.[5] The state requested time to investigate the accuracy of the minutes, but did not initially ask for a continuance of the January 17, 1995 trial setting. However, the defendant commented to the trial court that “[I]f I’m going to go to court, I would like time to file some preliminary motions.” In response, the state indicated that it had no opposition to a continuance. The trial court then ordered the state to file within ten days, a motion to refix the trial in March. We interpret the action of the trial court as granting the defendant a continuance. The minutes basically track the facts of the transcript except that they make no mention of the continuance.
On February 9, 1995, the Clerk’s office prepared a notice resetting the trial for March 6, 1995. However, the trial court did not actually order the rescheduling until February 13, 1995, according to the minutes of that day. The trial did not take place on March 6. The minutes of that day reflect that, on the state’s motion, the trial court continued the trial to April 24, 1995. However, the Clerk issued a notice of the resetting three days before, on March 3, 1995. The minutes of February 13 ’ and March 6 do not state whether the defendant or his counsel was present.
No trial took place on April 24. A trial notice was issued by the Clerk’s office on April 17, 1995, rescheduling trial for May 22, 1995. However, the minutes of April 24, 1995, state that the trial was continued to April 26, 1995, “ON MOTION OF COUNSEL.” The minutes reflect that both the counsel for the state and counsel |7for the defendant were present, but it is not clear who made the motion for the continuance. However, the minutes specifically state that the defendant himself was not present. Thus, at this point, there existed two conflicting trial dates, April 26 and May 22,1995.
Court minutes of May 22, 1995, state that the trial was continued on motion of the state to July 10,1995. A notice of that rescheduling had been previously prepared by the Clerk’s office on May 18, 1995. On July 7, 1995, according to the minutes, the *713 state again asked for and received a continuance to August 14, 1995. As had been the process previously, the Clerk’s office issued a notice as to this setting on June 26, 1995. Similarly, on August 14, 1995, the trial court granted the state a continuance to September 12, 1995. The Clerk’s office had already prepared that notice of resetting on August 11. The minutes of July 7, 1995, specifically state that the defendant was not present, but made no mention of his attorney. The May 22 and August 14 minutes are silent as to the presence or absence of the defendant and his attorney.
The next transcript in the record is of the proceeding held on September 11, 1995. This hearing took place the day before a scheduled trial, and the defendant appeared without counsel. He again raised the issue of the dismissal referenced by the June 2, 1994 minutes, but on this occasion, the state was prepared to address the issue and explained the error in the minutes to the trial court. In response to that explanation from the state, the following discussion took place between the defendant and the trial court:
BY MR. ETIENNE:
I was never shown that, Mr. Haney, and uh -
| sYour Honor, if it is so true, I would like to hire me an attorney, and I would like to file some preliminary motions.
BY THE COURT:
I think you’re going to trial with me tomorrow morning. You’re either going to plead guilty, or you’re going to go to trial. The time for motions is long past.
BY MR. ETIENNE:
Your Honor, I was under the authority that the charges were dismissed. I didn’t hear nothing.
After an additional discussion concerning the January 13, 1995 hearing, the trial court inquired whether the defendant had the ability to represent himself. As part of that conversation, the following was stated:
BY THE COURT:
What I’m trying to tell you I think you need to get your own lawyer. You’re moving to continue this trial tomorrow?
BY MR. ETIENNE:
I would like to get it continued to hire me an attorney.
After further discussing the need to reschedule the trial, the trial court made the following comment concerning the action to be taken:
BY THE COURT:
Yeah. Mr. Etienne, I want you to come back this afternoon. You’re not going to go to trial tomorrow. And, uh, we’re going to get it resolved. We’re going to be [sic] the court records out and minutes and all that stuff, but I really advise you to — if you don’t have a lawyer, I will appoint the Indigent Defender Board. But you don’t want to go back; do you?
There is no record of any hearing held that afternoon, and the transcript of the morning proceeding does not specifically state that a new trial date was selected. However, the minutes of the morning state that, at the request of the defendant appearing in proper person, trial was rescheduled for October 16, 1995. Additionally, the minutes themselves are internally inconsistent in that they also reflect that the | continuance was granted, not per the defendant’s request, but on behalf of the state. While the transcript clearly reveals that the trial court did not appoint an attorney for the defendant, the minutes state that, due to his indigent status, he was referred to Gregory Hardy, attorney at law. As previously stated, when there is a conflict between the transcript and the court minutes, the transcript prevails. Id. Thus, absent any other evidence, we would interpret the September 11 hearing to result in the defendant being granted a continuance. However, other evidence exists to suggest that the state had already received at least tacit approval for a eontinu- *714 anee of the September 12 trial date. As had been the normal procedure, the Clerk’s office issued a notice on September 7,1995, stating that the trial was continued to October 16, 1995. Therefore, the defendant’s request for a continuance appears moot because the matter seems to have been continued prior to his request.
Adding more confusion to an already confused series of events, a minute entry on September 15, 1995, states that the state again appeared in court and requested and received a continuance, not to October 16, but to October 6, 1995. Therefore, we cannot say that the rule of interpretation concerning conflicts between a minute entry and a transcript automatically applies. However, even assuming the defendant was granted the continuance, the state had one year from September 12, 1995, in which to bring the matter to trial. It did not do so within that time period.
The continuance at issue involves the October 16, 1995 trial setting. The minutes of that date state that, on the state’s motion, the trial was continued to November 6, 1995. Notwithstanding the clear statement of the minutes, the state contends the continuance was granted on the motion of the defendant and, therefore, the two-year limitation provided in La. Code Crim.P. art. 578(2) was interrupted. | inBecause of the interruption, the state asserts that it had one year from October 16, 1995 in which to begin trial. La.Code Crim.P. art. 580. However, the minutes are silent as to whether the defendant and his counsel were even present in court on October 16 and, as in the past, the Clerk’s office issued a notice of the new trial date four days before, on October 12, 1995.
Over the next few months, the minute entries consistently show that all continuances were granted on behalf of the state. The various court appearances and other actions can be summarized as follows.
November 6, 1995 — The minutes of this date state that, on the state’s motion, the trial was continued to December 11, 1995. The minutes are silent as to whether the defendant or his counsel was present. The Clerk’s office had already issued a notice of this resetting on November 2,1995.
December 11, 1995 — -The minutes of this date state that, on the state’s motion, the trial was continued to January 22, 1996. The minutes are silent as to whether the defendant or his counsel was present. The Clerk’s office had already issued a notice of this resetting on December 6,1995.
January 2, 1996 — The Clerk’s office issued a notice resetting the trial date to February 5, 1996. There is no corresponding minute entry, and no order from the trial court continuing the January 22 trial date.
January 16, 1996 — The minutes of this date state that, on the 'state’s motion, the trial was continued to March 18, 1996. The minutes are silent as to whether the deféndant or his counsel was present. The Clerk’s office had already issued a notice of this resetting on January 11,1996.
February 26, 1996 — The minutes of this date state that, on the motion of the state, the trial was continued to April 22, 1996. The minutes are silent as to whether the defendant or his counsel was present. The Clerk’s office had already issued a notice of this change on February 23, 1996.
April 1, 1996 — The minutes of this date state that, on the motion of the state, the trial was continued to June 3, 1996. The minutes are silent as to whether the defendant or his counsel was present. The Clerk’s office | nhad already issued a notice of this change on March 28, 1996.
May 8, 1996 — Jason B. Rochon, attorney at law, withdrew from representing the defendant. The record does not reflect when he initially enrolled as the defendant’s counsel.
May 9, 1996 — The minutes of this date state that, on the motion of the state, the trial was continued to July 8, 1996. *715 The minutes are silent as to whether the defendant or his counsel was present. The Clerk’s office had already issued a notice of this change on May 6, 1996. May 29, 1996 — Robert J. Hildum, attorney at law of Lafayette, Louisiana, enrolled as the defendant’s retained counsel.
June 24, 1996 — The minutes of this date state that, on the joint motion of counsel, the trial was continued to August 5, 1996. The minutes are silent as to whether the defendant or his counsel was present. In a break from prior procedure, the Clerk’s office issued the notice of the change on the same day.
August 9, 1996 — The minutes of this date state that, on the motion of the state, the trial was continued to September 30, 1996. The minutes are silent as to whether the defendant or his counsel was present. The Clerk’s office had already issued a notice of this change on July 12,1996.
September 10, 1996 — The Clerk’s office issued a notice resetting the trial date to December 9, 1996. There is no corresponding minute entry, and no order from the trial court continuing the September 30 trial date.
A hearing on the September 25, 1996 motion to quash was scheduled for October 2, 1996, but was not held until October 3, 1996, and it was denied on the same day. The trial court concluded that the continuance of the October 16, 1995 trial was granted at the defendant’s request, and therefore, the pending trial date was within the one-year limitation provided for in La.Code Crim.P. art. 580. This conclusion was based on a document introduced by the state which purports to be a motion for continuance prepared by the defendant’s then attorney, Jason Rochon. The document reads as follows:
NOW INTO COURT, through undersigned counsel, comes 112MARVIN ETI-ENNE who moves to continue the trial scheduled for October 16,1995. Trial be continued on motion of the defendant until a date to be determined by the State of Louisiana. The reason for the requested continuance is to allow continued discussions between counsel for MARVIN ETIENNE and counsel for the State of Louisiana which discussion may be dispositive of this matter.
WHEREFORE, defendant, MARVIN ETIENNE prays that this matter be continued to a date to be determined by the State of Louisiana.
The motion contains an unsigned order for a continuance of the October 16 setting and bears no Clerk’s stamp to show when it was filed, or if it was filed at all. An assistant district attorney testified that he discussed the motion with Mr. Rochon, and in exchange for the continuance, Mr. Ro-chon and the defendant agreed that the defendant would assist the state in a St. Martin Parish narcotics investigation. According to the assistant district attorney, the defendant did initially cooperate with law enforcement officials, but between April and June of 1996, he ceased cooperating. His failure to cooperate precipitated the state’s action in resetting the trial.
The assistant district attorney testified that he “found” the motion to continue in the record, despite the fact that it bears no indication it was ever filed. However, he could not say whether the motion was filed in open court or delivered to the Clerk’s office, and he had no explanation for the absence of filing information. Mr. Rochon, who by this time no longer represented the defendant, did not testify. After the state commented that the motion for continuance had been filed, the following exchange occurred between the state, the new counsel for the defendant and the trial court:
THE STATE:
That motion was filed on behalf of Mr. Etienne.
THE COURT:
|1sBy his then attorney?
THE STATE:
Yes ma'am.
*716 MR. HILDUM:

That’s corred, Your Honor. I have seen the motion.

(Emphasis added.)
Despite this exchange and the comment from counsel for the defendant, we do not find that the record supports the state’s position. The October 16, 1995 minutes clearly state that the continuance was granted at the request of the state. Without a transcript of that date, we are left only with the contents of this official record. There is no evidence in the court minutes to show that the defendant or his counsel was present, or even that the defendant had counsel. As had been the case throughout these proceedings, the Clerk’s office had, four days before, issued a notice resetting the October 16 trial to November 6. The assertion by the state that only when the defendant ceased cooperation in April or June 1996 did it attempt to reset the matter for trial is clearly not supported by the record. Before April and October 1995 and April 1996, the trial was reset six times. Before June 1996, it was reset two more times. Such action certainly does not suggest that the charge was being held in abeyance.
After the trial court denied the motion to quash, the defendant asked for and was granted a continuance until December 1996. The last minute entry reflected that trial was rescheduled for September 30, 1996, but there is no minute entry continuing the trial from that date. However, on October 28, 1996, the Clerk’s office issued a notice resetting the trial to February 3, 1997. Again, the record appears to be in complete disarray, because a December 9, 1996 minute entry stated that, on the lustate’s motion, the trial was continued to February 3, 1997. In other words, the order resetting the matter to February 3 came forty-two days after the Clerk’s office issued a notice that the date had already been changed.
The activity of the months leading up to trial changed little from the past proceedings. On February 3, 1997, the minutes reflect that the trial was continued to March 17,1997, on the motion of the state. The Clerk’s office had issued a notice to that effect the day before. The March 17 trial was continued in open court on that day to May 12, 1997. The minutes of March 17 reflect that the continuance was granted on motion of the state. This time, the Clerk’s office issued the notice on the same day. No trial was held on May 12. The court minutes of May 12, reflect that the trial was continued to June 9, 1997, on motion of the state. The notice of this change was issued by the Clerk’s office on the same day. None of the minute entries reflect whether the defendant or his counsel was present at the court proceedings.
For some unexplained reason, both the state and defense counsel appeared in open court on May 13, 1997.[6] At that time, the state asked for a continuance of the trial until June 9, 1997 (the same relief he had received the day before), and defense counsel objected without giving any reasons for his objection. The trial court again continued the trial to June 9, 1997.
The second motion to quash was filed on June 9, 1997, and was heard immediately before the beginning of trial. The defendant argued that the trial court’s ruling on the prior motion to quash was simply that the motion was premature and the trial court had not denied it. The state disagreed, arguing that the motion had previously been denied. In arguing the matter, however, the state incorrectly stated |1Bthe facts of the previous ruling when it argued:
... I’d like to point out to the Court that STATE’S EXHIBIT NO. 1 IN THAT PARTICULAR RECORD WHICH IS DATED October the 3rd of 1996 is a motion and order for continuance filed by other counsel for Mr. Eti-enne, Jason Rochon. He asked that the trial be continued from the October 16th, *717 1996 date and it is filed and received in the record on October 3rd, 1996....
The motion to which he referred was not dated; was prepared sometime in 1995, not 1996; referenced an October 16, 1995 trial date and not October 16, 1996; and was filed on October 3, 1996, for the purpose of opposing the first motion to quash, and not to obtain a continuance at that time.
The proper procedural vehicle to raise an objection to the timeliness of a prosecution is a motion to quash. La.Code Crim.P. art. 532(7). Once it is established that the time period has expired, the state bears a heavy burden to show a legal excuse for delay. State v. Taylor, 439 So.2d 410 (La.1983); State v. Harris, 29,574 (La.App. 2 Cir. 5/7/97); 694 So.2d 626; State v. Williams, 93-694 (La.App. 5 Cir. 2/9/94); 631 So.2d 1370, writ denied, 94-0606 (La.6/3/94); 637 So.2d 499. We do not find that the state carried its heavy burden in this case. Looking at the October 16, 1995 transactions in the light most favorable to the state, the best that can be said is that the state and the defendant agreed jointly to a continuance. A joint continuance does not interrupt the running of the two-year prescriptive period, because: “prescription is interrupted when the state is unable, through no fault of its own, to try a defendant within the period specified by statute.” State v. Harris, 694 So.2d at 628 (emphasis added).
DISPOSITION
For the foregoing reasons, the conviction and sentence of the defendant is |1fireversed.
REVERSED.

. We note that there were actually two motions to quash filed after arraignment. The first was filed September 25, 1996, and was denied on October 3, 1996. The second was filed June 9, 1997, and was denied on the saíne day. Both motions address the failure of the state to institute prosecution within the time limits provided in La.Code Crim.P. art. 578.

. The trial notices prepared by the Clerk's office are addressed, at different times, to the defendant, his then counsel, or both.

. Interestingly, the record contains two transcripts of the June 2, 1994 proceedings. One was certified as correct on August 17, 1995, and the other on October 9, 1997. Both were certified by Sherry B. Gary, Official Court Reporler of the Sixteenth Judicial District. Ms. Gary was listed in the minutes as being the court reporter present on June 2, 1994. However, the first transcript contains statements not found in the second. Despite this discrepancy, the particulars set forth in this opinion appear in both transcripts.

. During the proceeding, the defendant explained to the trial court that, despite having been previously referred to the indigent defender board, he did not think he needed an attorney because he thought the charge had been dismissed. The trial court ordered a hearing on February 10, 1995, to determine whether the defendant would need assistance of counsel. The record contains no reference to such a hearing being held and, although the defendant did later appear with court-appointed counsel, as late as September 11, 1995, he was still without counsel.

. Obviously the attorney for the state was referring to a copy of the minutes of June 2, 1994, although the argument refers to July 2, 1994.

. The defendant was represented at this hearing by Edwin Hawkins, attorney at law.